IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARTY ALLEN OWENS, | ) |
|       Petitioner, | ) ) ) |
| v. | )   Case No. 22-CV-0192-GKF-CDL ) |
| RICK WHITTEN,[1] | ) ) |
|       Respondent. | ) |

**OPINION AND ORDER**

This matter is before the Court on Petitioner Marty Owens's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 filed April 20, 2022 (Dkt. 1).[2] In an order filed May 18, 2022 (Dkt. 4), the Court noted that the claims asserted in the petition appear to be untimely and directed Respondent Rick Whitten to file a limited response addressing whether 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations bars federal habeas relief. Having considered the petition, Whitten's limited response (Dkt. 6), and Owens's reply to the limited response (Dkt. 8), the Court dismisses the petition without prejudice, in part, for lack of jurisdiction, and dismisses the petition with prejudice, in part, as barred by the one-year statute of limitations. As a result of the dismissal, the Court dismisses as moot all pending motions.

---

[1] Because Owens is incarcerated at the North Fork Correctional Center (NFCC), in Sayre, Oklahoma, the Court substitutes the NFCC's warden, Rick Whitten, in place of the Oklahoma Department of Corrections Director, Scott Crow, as party Respondent. The Clerk of Court shall note this substitution on the record.

[2] The Clerk of Court received the petition on April 27, 2022. Dkt. 1, at 1. However, the Court deems the petition filed April 20, 2022, the date Owens declares, under penalty of perjury, that he placed the petition in the prison's legal mail system. Dkt. 1, at 15; *see* Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts* (discussing mailbox rule for inmate filings).

**I.        Background**

Owens, who appears without counsel,[3] seeks federal habeas relief from the judgments entered against him in Washington County District Court Case Nos. CF-2009-339 and CM-2009-693. Dkt. 1, at 1.[4] Following a trial on the charges alleged in both cases, the jury found Owens guilty, in Case No. CF-2009-339, of pointing a firearm, assault with intent to kill, and first-degree burglary. Dkt. 6-1. The jury found Owens guilty, in Case No. CM-2009-693, of driving a motor vehicle under the influence of alcohol, a misdemeanor. Dkt. 6-2. In September 2011, the trial court sentenced Owens to prison terms of 10 years, 30 years, and 10 years for the felony convictions, with all terms to be served consecutively, and a jail term of nine months for the misdemeanor conviction, to be served concurrently with the first prison term. Dkts. 6-1, 6-2.

Owens filed a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA) in April 2012. Dkt. 1, at 2; Dkt. 6-3. In August 2012, while his appeal was pending, Owens filed a motion for judicial review in state district court. Dkt. 6-5. The OCCA affirmed Owens's judgments and sentences on April 4, 2013, and Owens did not file a petition for writ of certiorari in the United States Supreme Court (Supreme Court). Dkt. 1, at 2-3; Dkt. 6-4, at 1-6. The state district court denied Owens's motion for judicial review on October 13, 2014. Dkt. 6-8. Owens filed a petition for writ of mandamus in the OCCA, attempting to appeal the denial of his motion for judicial review, and the OCCA dismissed the mandamus petition in May 2015. Dkt. 6-9.

Over five years later, in November 2020, Owens filed an application for postconviction relief (APCR) in state district court, claiming the trial court lacked jurisdiction over his criminal

---

[3] Because Owens appears without counsel, the Court liberally construes his filings, but the Court does so without advocating on his behalf. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4] For consistency, the Court's citations refer to the CM/ECF header pagination.

2

prosecution, in light of the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), because Owens is a member of a federally recognized Indian tribe, he has some degree of Indian blood, and he committed his crimes within Indian country—specifically, within the boundaries of the Cherokee Nation Reservation.[5]  Dkt. 1, at 4-10; Dkt. 6-10, at 5-7.  The state district court denied the APCR on November 1, 2021, Owens filed a postconviction appeal, and the OCCA affirmed the denial of postconviction relief on April 1, 2022.  Dkt. 1, at 5-11; Dkt. 6-19; Dkt. 6-20.

Later that same month, Owens filed the instant federal habeas petition, raising several claims based on his assertion that the trial court lacked jurisdiction over his prosecution for crimes he committed in Indian country.  Dkt. 1, at 5-10, 20-22.  Owens alleges, for several reasons, that the petition is timely or should be deemed timely.  Dkt. 1, at 6-7, 9-10, 13-14, 22-23, 29, 31-49; Dkt. 8, at 1-8.  Whitten disagrees and urges the Court to dismiss the petition because relief on all claims is barred by the one-year statute of limitations.

## II.  Jurisdiction

As an initial matter, Whitten notes that this Court lacks jurisdiction to adjudicate the petition to the extent Owens challenges the judgment entered against him in Washington County District Court Case No. CM-2009-693.  Dkt. 6, at 2 n.2.  The Court agrees.  Under 28 U.S.C. § 2254(a), a state prisoner must be "in custody" under the conviction or sentence under attack when the petitioner files the habeas petition.  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  The

---

[5] In *McGirt*, the Supreme Court determined that Congress has not disestablished the Muscogee (Creek) Nation Reservation and that, as a result, the land within the boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a), and certain crimes committed within the boundaries of the Muscogee (Creek) Nation Reservation by Indian defendants must be prosecuted in federal court rather than state court.  *McGirt*, 140 S. Ct. at 2459-60, 2474-76.  In 2021, the OCCA held that Congress has not disestablished the historical boundaries of the Cherokee Nation Reservation.  *Hogner v. State*, 500 P.3d 629, 635 (Okla. Crim. App. 2021).

trial court imposed a nine-month jail sentence for the misdemeanor conviction in Case No. CM-2009-693 in 2011 and ordered Owens to serve that sentence concurrently with his first prison term. Thus, it is apparent that when Owens filed the instant petition in April 2022, he was no longer in custody pursuant to the judgment entered against him in Case No. CM-2009-693. *See, e.g.*, *Harding v. Raemisch*, 656 F. App'x 395, 396 (10th Cir. 2016) (unpublished)[6] (citing *Maleng* for the proposition that "[a] habeas petitioner is no longer 'in custody' under a conviction if the sentence has 'fully expired,' and concluding that a habeas petitioner who completed his sentence for a misdemeanor conviction five years before filing a habeas petition was no longer "in custody" under the judgment arising from the misdemeanor conviction). To the extent Owens collaterally attacks the judgment entered against him in Case No. CM-2009-693, the Court therefore dismisses the petition, without prejudice, for lack of jurisdiction

### III.   Timeliness

Next, Whitten contends, and the Court agrees, that the applicable one-year statute of limitations bars federal habeas relief to the extent Owens collaterally attacks the judgment entered against him in Case No. CF-2009-339. The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for state prisoners seeking federal collateral review of a state-court judgment under 28 U.S.C. § 2254. The limitation period "run[s] from the latest of" one of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[6] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Regardless of when the one-year limitation period begins, that period is tolled during the time that the petitioner's properly filed application for state postconviction relief or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). But, to obtain statutory tolling, the petitioner must file the application for state postconviction relief or other collateral review before the applicable one-year limitation period expires. *Clark*, 468 F.3d at 714. In rare circumstances, a federal court may toll the one-year limitation period for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). To obtain equitable tolling, the petitioner must identify specific facts showing (1) that he was reasonably diligent in pursuing his federal claim or claims and (2) that extraordinary circumstances prevented him from timely filing a federal habeas petition. *Id.* at 649; *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). In circumstances, a petitioner may obtain habeas review of untimely claims if the petitioner makes "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

> **A.   The one-year statute of limitations applies.**

Owens argues, in part, that the AEDPA's one-year statute of limitations does not bar relief because (1) "subject matter jurisdiction can be raised at any time with no procedural bars applying," (2) "a judgment and sentence entered by a court without subject matter jurisdiction is void ab initio," and (3) "satisfaction of the 2254(d)(1)(2) removes the AEDPA 1yr rule." Dkt. 1, at 14, 32, 40, 49; Dkt. 8, at 2, 6. For three reasons, these arguments are not persuasive.

First, a claim that the convicting court lacked subject-matter jurisdiction presents a cognizable federal habeas claim, whether it is viewed as a claim alleging a due process violation, *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008), or as a claim alleging a violation of "laws or treaties of the United States," 28 U.S.C. § 2254(a). But, like any other cognizable habeas claim, a claim alleging an absence of jurisdiction in the convicting court is subject to the AEDPA's one-year statute of limitations and may be dismissed as untimely. *See Murrell v. Crow*, 793 F. App'x 675, 678-79 (10th Cir. 2019) (unpublished)[7] (rejecting habeas petitioner's argument "that because a litigant can generally challenge a court's subject-matter jurisdiction at any time, § 2244(d)(1) does not apply to his claim that the trial court lacked jurisdiction to accept his plea" and reasoning that "the jurisdictional nature of [the petitioner's] due-process claim" did not bar dismissal of that claim as untimely).

Second, even assuming Owens could establish that his conviction is "void" for lack of jurisdiction, that does not mean that his conviction could not be "final" as that term is used in § 2244(d)(1)(A). The plain text of § 2244(d)(1)(A) provides that a state-court judgment is "final" when the petitioner can no longer seek direct review of that judgment. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (discussing 28 U.S.C. § 2244(d)(1)(A)). The end of direct review does not foreclose a collateral attack on an allegedly "void" judgment, either through state postconviction proceedings or federal habeas proceedings, but it does trigger the one-year limitation period under § 2244(d)(1)(A) for filing a federal habeas petition to attack the allegedly "void" judgment. And no language in § 2244(d)(1)(A)—or any other provision of § 2244(d)(1)—

---

[7] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

supports that the one-year statute of limitations does not apply to judgments that are allegedly "void" for lack of jurisdiction.

Third, to the extent Owens relies on § 2254(d) to argue that the statute of limitations does not apply, he misunderstands the law. Section 2254(d) establishes the framework for a federal court's review of a state court's decision adjudicating a federal claim on the merits and requires a petitioner to show, as a precondition to obtaining habeas relief, that the state court's decision is objectively unreasonable. 28 U.S.C. § 2254(d). But whether a petitioner can satisfy the preconditions to relief set forth in § 2254(d) has no bearing on whether the petition is timely under § 2244(d)(1).

**B.      The petition is untimely under § 2244(d)(1)(A).**

Applying § 2244(d)(1)(A), the petition is clearly untimely. Owens's judgment in Case No. CF-2009-339 became final on July 3, 2013, when the time expired for him to file a petition for writ of certiorari in the Supreme Court seeking review of the OCCA's April 4, 2013 decision. *Gonzalez*, 565 U.S. at 150. His one-year limitation period would have started running the next day, *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011), but for the fact that his motion for judicial review, filed pursuant to Okla. Stat. tit. 22, § 982a, was pending in state district court, 28 U.S.C. § 2244(d)(2). The state district court that motion on October 13, 2014, and, as Whitten contends, Owens could not appeal that decision. *See Doby v. Dowling*, 632 F. App'x 485, 488 (10th Cir. 2015) (unpublished) (noting that "[a]lthough the time to appeal the denial of collateral relief also tolls the limitation period even if no appeal is taken," Okla. Stat. tit. 22, § 982a "does not provide for appellate review"). As a result, the one-year limitation period began to run on October 14, 2014, and expired one year later, on October 14, 2015. Owens's November 2020

7

APCR was filed too late to toll the already expired limitation period. *Clark*, 468 F.3d at 714. The petition, filed in April 2022, is clearly untimely under § 2244(d)(1)(A).

### C. No other provision of § 2244(d)(1) applies.

Owens appears to argue that his one-year limitation period began to run on a date later than the date his conviction became final, i.e., in 2020 after the Supreme Court issued the *McGirt* decision. Dkt. 1, at 14; Dkt. 8, at 3-5. But, as Whitten contends, *McGirt* did not trigger the one-year limitation period for Owens under any other provision of § 2244(d)(1).

Owens asserts that "the date of the claim for purposes of due diligence or reason[able] diligence was met when *McGirt* was decide[d] Rule (D)." Dkt. 1, at 14. He alleges the "legal basis" of his claims was not "made available" before *McGirt* was decided. *Id.* at 6-7, 9-10, 14, 31. He further alleges that he exercised due diligence because he filed his November 2020 APCR "only four months after" *McGirt* was decided. *Id.* at 14. These arguments suggest the petition is timely under § 2244(d)(1)(D). Section 2244(d)(1)(D) provides that the one-year limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). But the limitation period under § 2244(d)(1)(D) begins on the date that a reasonably diligent petitioner could have discovered the *factual* basis of his or her claims, not the date that a particular petitioner first discovers the *legal* basis of his or her claims. *Stiltner v. Nunn*, Case No. 21-CV-0374-GKF-CDL, 2022 WL 951997, at *5 (N.D. Okla. Mar. 29, 2022). Owens's claims rely on facts he should have known when he was prosecuted—that he is a member of a federally-recognized Indian Tribe and he has some degree of Indian blood—and a factual allegation that a reasonably diligent petitioner could have discovered before *McGirt* was decided—that Congress did not disestablish the Cherokee Nation Reservation. *Cf. Johnson v. Louthan*, No. 22-5064, 2022 WL 4857114, at

* 3 (10th Cir. Oct. 4, 2022) (unpublished) (rejecting petitioner's argument that his Indian-country jurisdictional claim could be timely under § 2244(d)(1)(D) and reasoning, in part, that a reasonably diligent petitioner could have discovered the factual predicate of the claim before the *McGirt* decision because "the absence of an Act of Congress disestablishing the Creek reservation has been known in this circuit since 2017"). Thus, Owens has not shown that the petition is timely under § 2244(d)(1)(D).

Owens also appears to argue that *McGirt* should apply retroactively. Dkt. 1, at 14, 41-42, 44-49. This argument appears to seek application of § 2244(d)(1)(C). Under that provision, the one-year limitation period begins to run on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). But § 2244(d)(1)(C) does not apply because the *McGirt* Court did not recognize any new constitutional rights relative to a state's exercise of criminal jurisdiction over crimes committed in Indian country. *Pacheco v. El Habti*, 48 F.4th 1179, 1191 (10th Cir. 2022).

Finally, Owens asserts that his petition is timely because "Oklahoma has used its constitution article VII § 7 to IMPEDE the rights of the masses for crimes committed in 'Indian Country,'" and the "*McGirt* ruling virtually removed that impediment." Dkt. 8, at 3-6. The Court understands these assertions as suggesting the petition is timely under § 2244(d)(1)(B). Section 2244(d)(1)(B) provides that the one-year limitation period begins to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B)"). But § 2244(d)(1)(B) "typically applies when the state thwarts a prisoner's access to the courts, for example, by denying an inmate access to his legal materials or

9

a law library." *Aragon v. Williams*, 819 F. App'x 610, 613 (10th Cir. 2020), *cert. denied*, 141 S. Ct. 1106 (2021). Owens's bold assertion that Oklahoma's pre-*McGirt* misunderstanding of the jurisdictional landscape in Oklahoma impeded "the rights of the masses" is not the type of state-created impediment contemplated by § 2244(d)(1)(B) that necessarily would have prevented Owens from filing a timely habeas petition. *See, e.g.*, *Donahue v. Harding*, No. CIV-21-183-PRW, 2021 WL 4714662, at *4 (W.D. Okla. Sept. 15, 2021) (unpublished), *report and recommendation adopted*, No. CIV-21-00183-PRW, 2021 WL 4711680 (W.D. Okla. Oct. 8, 2021) (citing pre-*McGirt* cases alleging Indian-country jurisdictional claims and reasoning that a habeas petitioner could not rely on § 2244(d)(1)(B) because "Oklahoma's pre-*McGirt* interpretation of what "Indian Country" means did not necessarily prevent Petitioner from obtaining timely habeas relief"). On the record presented, Owens has not shown that § 2244(d)(1)(B) applies.

### D.  Equitable tolling is not warranted.

Next, Owens suggests that his one-year limitation period that expired in October 2015 should be tolled for equitable reasons. As previously stated, a petitioner who seeks equitable tolling must identify specific facts showing (1) that he was reasonably diligent in pursuing his federal claim or claims and (2) that extraordinary circumstances prevented him from timely filing a federal habeas petition. *Holland*, 560 U.S. at 649; *Yang*, 525 F.3d at 928. In support of his request for equitable tolling, however, Owens cites general circumstances that arguably apply to many prisoners. For example, he alleges he exercised due diligence despite being "confine[d] for 775 days," "[d]eprived of sunlight, proper medical care," and housed in unsanitary prison conditions. Dkt. 8, at 6-7. He further alleges he was duly diligent in pursuing his claims even though he "was under extreme stress, anxiety, and always fearful of what could happen to a person" when he was initially transported to state prison. *Id.* at 7. Owens also mentions "prison fights"

10

and "lockdowns," "no real access to any forms paper, pends till you get some money," "limited access" to the law library, and a lack of legal knowledge. *Id.* These are ordinary circumstances for many prisoners. And even if the Court could view one or more of these circumstances as extraordinary, Owens does not provide any specific facts about when these circumstances allegedly occurred or how they prevented him from filing a federal habeas petition before his limitation period expired in October 2015.

Owens further alleges he hired postconviction counsel in 2013, and that counsel did not file anything on his behalf despite receiving payment. Dkt. 8, at 7; Dkt. 11, at 3-4. In some cases, "serious instances of attorney misconduct" can support equitable tolling. *Holland*, 560 U.S. at 652; *see Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007) (concluding "that sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period"). But Owens's general allegation that postconviction counsel failed to file anything in 2013, over two years before Owens's one-year limitation period expired, does not demonstrate "serious" or "egregious" attorney misconduct or suggest that the attorney's alleged misconduct prevented Owens from filing either an application for postconviction relief that would toll the limitation period or a federal habeas petition before the limitation period expired in October 2015.[8]

On this record, the Court finds that equitable tolling is not warranted.

---

[8] With his motion for hearing filed September 23, 2022 (Dkt. 11), Owens submitted copies of correspondence between himself and postconviction counsel and appears to seek an evidentiary hearing on the issue of equitable tolling. The Court has carefully considered these documents but finds no reason to conduct a hearing about equitable tolling. While these documents support Owens's allegation that counsel did not file an application for postconviction relief on his behalf in 2013, the Court still fails to see any allegations suggesting that counsel's failure to file an application for postconviction relief prevented Owens from filing one on his own at that time or at any other time during the one-year limitation period that ran from October 2014 to October 2015.

### E. Owens does not present a credible actual-innocence claim.

Finally, Owens urges the Court to overlook the untimeliness of the petition because he is actually innocent and failing to grant his request for habeas relief when the convicting court lacked jurisdiction would result in a miscarriage of justice. Dkt. 1, at 13-14, 22-23, 29, 31-49; Dkt. 8, at 5-6. In *Perkins*, the Supreme Court held that the miscarriage-of-justice exception that permits habeas petitioners to overcome certain procedural bars applies to the AEDPA's one-year statute of limitations and permits habeas review of untimely claims in those rare cases when a petitioner presents "a credible showing of actual innocence." *Perkins*, 569 U.S. at 392-95. But the actual-innocence exception recognized in *Perkins* does not apply in this case. *See Pacheco*, 48 F.4th at 1187-90 (discussing the actual-innocence exception and concluding it did not apply to excuse the untimeliness of a petitioner's *McGirt* claim because "[petitioner's] actual-innocence claim is not based on evidence regarding what she did, but on where she did it"). Critically, Owens does not allege he did not commit his crimes of conviction, rather, he alleges he could not be found guilty of those crimes in state court because he committed them within the Cherokee Nation Reservation. Thus, like the petitioner in *Pacheco*, Owens cannot rely on the actual-innocence exception to excuse the untimeliness of his petition.

### IV. Conclusion

To the extent Owens challenges the judgment entered against him in Washington County District Court Case No. CM-2009-339, the Court dismisses the petition without prejudice because Owens is no longer in custody under that judgment and this Court therefore lacks jurisdiction to adjudicate any claims challenging that judgment. To the extent Owens challenges the judgment entered against him in Washington County District Court Case No. CF-2009-693, the Court dismisses the petition with prejudice because the one-year statute of limitations bars relief on the

12

claims presented in the petition. And, because the procedural bars to relief are plain, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Lastly, based on the dismissal of the petition, the Court dismisses as moot, Owens's motion for discovery (Dkt. 7), motion for hearing (Dkt. 11), and motion for extension of time (Dkt. 14).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note the substitution of Rick Whitten in place of Scott Crow as party Respondent.

2. The petition for writ of habeas corpus (Dkt. 1) is **dismissed without prejudice**, as to any claims challenging Washington County District Court Case No. CM-2009-339, **and dismissed with prejudice**, as to any claims challenging Washington County District Court Case No. CF-2009-693.

3. The motion for discovery (Dkt. 7), motion for hearing (Dkt. 11), and motion for extension of time (Dkt. 14) are **dismissed as moot**.

4. A certificate of appealability is **denied**.

5. A separate judgment shall be entered in this matter.

**DATED** this 25th day of October 2022.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE